Filed 8/7/26  Tanghe v. De La Cruz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ARIANNA ELIZABETH TANGHE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JUAN DE LA CRUZ,<br><br>Defendant and Respondent. | F090175<br><br>(Super. Ct. No. FL-25-000316)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  David Hood, Judge.

Arianna Elizabeth Tanghe, in pro. per., for Plaintiff and Appellant.

Murphy, Pearson, Bradley & Feeney, Suzie M. Tagliere and Lauren Holappa for Defendant and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Meehan, J. and Harrell, J.

Arianna Elizabeth Tanghe appeals in propria persona from a June 5, 2025 order of the Stanislaus County Superior Court denying her petition for a protective order against Juan De La Cruz pursuant to Welfare and Institutions Code[1] section 15657.03. She also appeals from the court's May 15, 2025 order denying her request to continue the trial date and reopen discovery. In her opening brief, Arianna[2] contends the court's denial of discovery "limited," "frustrated," and "depriv[ed] [her] from vindicating" her "statutory rights" (capitalization omitted) under the Elder Abuse and Dependent Adult Civil Protection Act (§ 15600 et seq.). We conclude the denial was proper because Arianna was not entitled to conduct discovery in a section 15657.03 proceeding. We affirm the May 15, 2025 order and the June 5, 2025 order of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Arianna—a dependent adult—lives with Robert Tanghe and Kelli King-Tanghe, her parents and conservators. Robert and Kelli are members of their community's homeowners' association (HOA) and Robert is a member of HOA's board of directors (HOA Board).

Liberty Property Management (Liberty) is HOA's property management company. De La Cruz is employed by Liberty as a community manager and reports directly to the HOA Board.

On August 23, 2024, Robert e-mailed De La Cruz with a complaint about a neighbor. Robert alleged the neighbor engaged in "hostile environment harassment and discriminating conduct against" Arianna by "vocaliz[ing] about 'getting rid of the cripples' in the neighborhood when Kelli pushes Arianna in her adapted racing chair" and throwing "nails onto [their] driveway," "unknown substances at [their] courtyard wall,"

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Welfare and Institutions Code.

[2] In this opinion, we refer to individuals who share the same surname by their given names. No disrespect is intended.

and "what appears to be fecal matter at [their] house." De La Cruz relayed Robert's complaint to the HOA Board, which then directed De La Cruz to send a letter to the neighbor advising "any discriminatory language is not acceptable."

After receiving the foregoing letter, the neighbor contacted De La Cruz and disputed Robert's allegations. In addition, the neighbor claimed a security camera at the Tanghe residence "was pointed at his courtyard" near his daughter's bedroom and he "didn't feel comfortable being recorded." De La Cruz relayed the neighbor's complaint to the HOA Board, which then directed De La Cruz to send a letter to Robert. The letter—dated December 20, 2024—identified Robert as the recipient and HOA as the sender and read in part:

> "It has been reported that there is a camera and a bright light pointed at your neighbor's courtyard. Please remove or relocate[] the camera and light.

> "Rules, Regulations and Enforcement Procedures, Section II (A). Noise, Use and Enjoyment: All owners, residents, and guests must refrain from any activities which unreasonably annoys or disturbs other Owners or residents." (Boldface & italics omitted.)

On February 5, 2025, Robert and Kelli—on Arianna's behalf—filed a form EA-100 "Request for Elder or Dependent Adult Abuse Restraining Orders" (boldface omitted) against De La Cruz. Robert and Kelli alleged the following abuse occurred on December 20, 2024:

> "Mr[.] De La Cruz demanded we remove a security camera that showed a trespassing neighbor and was used in filing a complaint with the C[alifornia] Civil Rights Dep[ar]t[ment] and obtaining a [temporary restraining order] against that harassing neighbor[.] [¶] … [¶]

> "Due to the ongoing harassment, Arianna … cannot sleep in her own bed in her own bedroom. Given her developmental delay, she does not understand why she is being 'punished' (her words)[.]" (Some capitalization omitted.)

3.

They further alleged:

> "Mr[.] De La Cruz has known since 8/23/24 that [the neighbor] has been harassing Arianna due to her disability. He has communicated, aided, and abetted [the neighbor] in violation of State and Federal Fair Housing Acts, the Ralph Civil Rights Act, and the Bane Civil Rights Act…."

Robert and Kelli sought personal conduct orders, stay-away orders, an order for counseling, and a temporary restraining order, among other things.

On February 7, 2025, the superior court issued a temporary restraining order and scheduled a March 3, 2025 hearing. At the March 3, 2025 hearing, the court scheduled a June 5, 2025 short cause trial.

On or around March 24, 2025, Robert—on Arianna's behalf—propounded a request for production of documents, including those demonstrating any communication between De La Cruz and the neighbor "[b]etween August 1, 202[4] and March 24, 2025." In a letter to Robert dated March 27, 2025, counsel for De La Cruz objected to the request on the basis "discovery is not appropriate" "at this juncture."

On May 1, 2025, Robert—on Arianna's behalf—filed a request to continue the June 5, 2025 trial date and reopen discovery. On May 2, 2025, the superior court scheduled a May 15, 2025 hearing thereon and ordered Arianna to file and serve her moving papers regarding discovery by May 8, 2025, and De La Cruz to file and serve opposition papers by May 13, 2025. On May 13, 2025, De La Cruz filed an opposition. He emphasized Arianna failed to file and serve the moving papers. In a "Findings and Order After Hearing" (boldface & some capitalization omitted) filed May 15, 2025, the court denied Arianna's May 1, 2025 request without prejudice, finding "[t]here is no proof of service on file and [De La Cruz] has filed an opposition objecting to notice and service."

At the June 5, 2025 short cause trial, Robert—appearing on Arianna's behalf— gave an opening statement in which he asserted (1) Arianna "is a victim of crime committed by" the neighbor, who is "the main harasser"; (2) De La Cruz as community

4.

manager failed to "take prompt action to correct and end a discriminatory housing practice by a third party"; (3) De La Cruz "communicated with [the neighbor] and demanded that a security camera [at the Tanghe]'s dwelling be removed"; and (4) the actions of both the neighbor and De La Cruz caused "mental suffering, fear, and emotional distress." Robert "renew[ed] [his] objection to the Court not allowing limited discovery per [Code of Civil Procedure section] 2024.050."

De La Cruz testified he reported directly to the HOA Board, which made the determinations as to members' complaints. With regard to Robert's complaint against the neighbor, De La Cruz acknowledged receipt thereof, notified the HOA Board, "let [Robert] know that the [HOA B]oard was taking necessary steps to address it," and forwarded the family's subsequent e-mails to the HOA Board "to keep them updated." De La Cruz added he only saw Robert "once a month at [the] regularly scheduled [HOA B]oard meetings" and encountered Arianna "twice when she attend[ed] [said] meetings."

In an oral statement of decision, the court concluded the burden of proving De La Cruz subjected Arianna to physical abuse, neglect, abandonment, isolation, or any other treatment resulting in physical harm or pain or mental suffering was not met, pointing out the family's "legitimate concerns" were "really focused on [the] neighbor" and "may also be focused on the [HOA B]oard." The court also observed "there's no legal basis … to allow discovery in these types of proceedings …." The petition for a section 15657.03 protective order was denied and the temporary restraining order was terminated.

## DISCUSSION

As noted, Arianna contends on appeal the superior court's denial of discovery "limited," "frustrated," and "depriv[ed] [her] from vindicating" her "statutory rights" (capitalization omitted) under the Elder Abuse and Dependent Adult Civil Protection Act (§ 15600 et seq.). Here, the particular right at issue is the right to obtain a protective order under section 15657.03.

5.

"An elder or dependent adult who has suffered abuse, as defined in Section 15610.07,[3] may seek protective orders …." (§ 15657.03, subd. (a)(1).) "Upon filing a petition for protective orders … , the petitioner may obtain a temporary restraining order …." (*Id.*, subd. (d).) "Within 21 days, or, if good cause appears to the court, 25 days, from the date that a request for a temporary restraining order is granted or denied, a hearing shall be held on the petition. If no request for temporary orders is made, the hearing shall be held within 21 days, or, if good cause appears to the court, 25 days, from the date that the petition is filed."[4] (§ 15657.03, subd. (f).) Though section 15657.03 is detailed, nothing therein expressly provides for discovery. (See *ibid*.; see also Code Civ. Proc., § 1858 ["In the construction of a statute … , the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted …."]; cf. *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 650, fn. 11 (*Thomas*) ["There is no provision under [Code of Civil Procedure] section 527.6 allowing for discovery …."].)

Furthermore, the expedited process described in section 15657.03, subdivision (f) does not harmonize with the usual discovery timelines. (See, e.g., Code Civ. Proc., §§ 2024.020, subds. (a), (b) [discovery proceedings must be completed "on or before the 30th day" "before the date initially set for the trial of the action" and "continuance or

---

[3] Section 15610.07, subdivision (a) reads:

" 'Abuse of an elder or a dependent adult' means any of the following: [¶] (1) Physical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering. [¶] (2) The deprivation of a care custodian of goods or services that are necessary to avoid physical harm or mental suffering. [¶] (3) Financial abuse …."

[4] The statute allows for continuances. (See § 15657.03, subds. (m) ["The respondent shall be entitled, as a matter of course, to one continuance, for a reasonable period, to respond to the petition."], (n)(1) ["Either party may request a continuance of the hearing, which the court shall grant on a showing of good cause…. The court may also grant a continuance on its own motion."].)

6.

postponement of the trial date does not operate to reopen discovery proceedings"], 2025.210, subd. (b) [plaintiff may serve deposition notice "on any date that is 20 days after" service of complaint], 2025.270, subd. (a) [oral deposition must be scheduled "for a date at least 10 days after service of the deposition notice"], 2030.260, subd. (a) [written response to interrogatories due 30 days after service thereof].)  We observe Division Two of the First Appellate District reached a similar conclusion in *Thomas*, *supra*, 126 Cal.App.4th 635 with respect to Code of Civil Procedure section 527.6, the statute governing civil harassment restraining orders.  In finding "there is insufficient time in which to conduct discovery" "under the civil harassment scheme" (*Thomas*, *supra*, at p. 650, fn. 11), the appellate court was likely referring to Code of Civil Procedure section 527.6, former subdivision (d), whose language is comparable to that found in section 15657.03, subdivision (f).[5]  (See *Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 811 ["quick and truncated procedure" for Code of Civil Proc., § 527.6 antiharassment injunctions]; Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2026) ¶ 9.699.3, p. 73 ["[B]ecause the hearing date is so prompt [under Code of Civil Procedure section 527.6], there is no time to conduct discovery."];

---

[5] At the time *Thomas* was decided, Code of Civil Procedure section 527.6, subdivision (d) (added by Stats. 2002, ch. 1009, § 2) read in part:

> "Within 15 days, or, if good cause appears to the court, 22 days from the date the temporary restraining order is issued, a hearing shall be held on the petition for the injunction…."

Former subdivision (d) was subsequently redesignated as subdivision (g).  (See Stats. 2013, ch. 158, § 2.)  Current Code of Civil Procedure section 527.6, subdivision (g) reads:

> "Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition.  If a request for a temporary order is not made, the hearing shall be held within 21 days, or, if good cause appears to the court, 25 days, from the date that the petition is filed."

see also *Wendz v. State Dept. of Education* (2023) 93 Cal.App.5th 607, 633 [" 'To understand the intended meaning of a statutory phrase, we may consider use of the same or similar language in other statutes, because similar words or phrases in statutes in pari materia ordinarily will be given the same interpretation.' "].)

In her brief, Arianna cites several cases for the proposition the denial of discovery "is unconscionable" and "is counter intuitive" to, "frustrates the legislative intent of," "thwarts the public reason" behind the enactment of, "impermissibly weakens" the Elder Abuse and Dependent Adult Civil Protection Act. None of these cases, however, dealt with the question of whether discovery is allowed in a section 15657.03 proceeding.

Because Arianna was not entitled to conduct discovery in a section 15657.03 proceeding,[6] the superior court properly denied her request therefor.[7]

## DISPOSITION

The May 15, 2025, and June 5, 2025 orders are affirmed. Costs on appeal are awarded to respondent Juan De La Cruz.

---

[6] To the extent Arianna believes this determination amounts to a "denial of all discovery" in all proceedings under the Elder Abuse and Dependent Adult Civil Protection Act, she is mistaken. (See §§ 15657 [civil action for abuse of elderly or dependent adults], 15657.02, subd. (a)(1)(A) [preponderance-of-the-evidence evidentiary standard for any claim of remedies sought under § 15657 where "[t]he plaintiff prevails on a discovery motion pursuant to subdivision (b) of Section 2023.030 of the Code of Civil Procedure due to spoliation of evidence by the defendant"].)

[7] In light of our conclusion, we need not address De La Cruz's other counterarguments.

8.